DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHARON GODFREY,**
Appellant,

v.

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellee.

No. 4D21-901

[June 15, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William Haury, Jr., Judge; L.T. Case No. CACE18-024020.

Jose P. Font and Christopher Herrera of Font & Nelson, PLLC, Fort Lauderdale, for appellant.

Patrick M. Chidnese and Frieda C. Lindroth of Bickford & Chidnese, LLP, Tampa, for appellee.

***ON MOTION FOR REHEARING***

PER CURIAM.

People's Trust moves for rehearing, arguing that we have overlooked the "Suit Against Us" provision that distinguishes this case from *Arguello v. People's Trust Insurance Co.*, 315 So. 3d 35, 41–42 (Fla. 4th DCA 2021). We disagree and deny the motion for rehearing.

The "Suit Against Us" provision must be read together with the policy's own language. Otherwise, an insured would be in the Catch-22 position of being unable to seek relief from the court when an insurer fails to provide benefits even where her noncompliance was not prejudicial to the insurer as required by the policy.

"[T]he '[Suit Against Us]' language in the policy applies to every term of the policy, regardless of whether the insured's duties are capable of being performed prior to filing an action against the insurer." *State Farm Mut. Auto. Ins. Co. v. Curran,* 135 So. 3d 1071, 1078 (Fla. 2014). To allow the

"Suit Against Us" provision to trump the policy's own requirement of prejudice before the insured can seek judicial relief would deny access to the court. This we will not do.

GROSS, MAY and CIKLIN, JJ., concur.

*      *      *